United States District Court
Southern District of Texas
**ENTERED**
June 27, 2022
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:22-cv-96

THE STATE OF TEXAS, *PLAINTIFF*,

v.

2020 LAND ROVER RANGE ROVER HSE VIN #SALGS2RU8LA407792, *DEFENDANT*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is the plaintiff's motion to remand under 28 U.S.C. § 1447(c). Dkt. 7. The court grants the motion.

## I.     BACKGROUND[1]

This suit arises from the State of Texas's efforts to seize a 2020 Land Rover Range Rover HSE bearing VIN#SALGS2RU8LA407792.

Texas filed a notice of seizure and intended forfeiture against the Range Rover in state court under Chapter 59 of the Texas Code of Criminal

---

[1] The "facts" in this section are taken from the plaintiff and defendant's pleadings.

Procedure. Dkt. 1 at 13. Texas alleges there was probable cause to seize the vehicle and that it is contraband under Article 59.01 of the Code of Criminal Procedure and therefore subject to forfeiture. *Id.* at 14–15. Specifically, Texas alleges the Range Rover is the proceeds from an offense under Chapter 59.01(2), acquired with proceeds from such offense, used or intended to be used in such offense, and/or used or intended to be used to facilitate an offense under that same chapter. *Id.* at 15. The enumerated offenses include, but are not limited to, tampering with a governmental record, forgery, engaging in organized crime, and money laundering. *Id.*

The Range Rover, owned by Portland Energy, was detained by U.S. Customs and Border Protection ("Customs") in July of 2021 on suspicion of fraud violations. *Id.* at 17. Customs Officer J. Male contacted Officer Brian Davis of the South East Texas Export Investigation Group (SETEIG) in reference to the Range Rover's suspicious shipping documentation. *Id.* Male placed a hold on the car after noticing that the vehicle had a Texas Buyers Tag without being registered in the state, discrepancies in export documentation, and different names listed as owner on the buyer's tag and title. *Id.* at 17–18.

Davis's inspection of the vehicle revealed that the vehicle was supposed to depart Texas for Lagos, Nigeria, via a cargo ship. *Id.* at 18. The car's buyer

tag listed the seller as Camus Group LLC, however the seller was actually Euro Motorcars, and the mileage listed on the title did not match the car's actual mileage. *Id.* Additionally, Davis uncovered that Frank Toritseju was an employee of Portland Energy, whose role was to ensure the vehicle arrived in Texas, though he denies being paid for the work. *Id.* at 19, 22. Upon noticing that export documentation papers listed the U.S. principal party of interest's address as PSI Global Logistics, a cargo and transportation business, Davis followed up with the company who told him that they were not the owners but were acting as power of attorney for the owner, Portland Energy. *Id.* at 18.

Davis's investigation revealed the owner of Portland Energy is Olufunso Odugbesan, however his signature on the power-of-attorney document did not match the signature on his passport. Davis noted that Frank admitted to acquiring the buyer's tag from Fountain Driving School, a company that routinely provides these documents to Texas drivers. *Id.* at 22. After contacting Euro Motors, the company confirmed it sold the Range Rover to Portland Energy. *Id.* at 23. Following this investigation, Davis stated that he believed Portland committed money laundering, fraud, and forgery by producing fraudulent documents to export the Range Rover. *Id.* at 17. This

incorrection information was the basis of the alleged production of fraudulent documents necessary to export the vehicle. *Id.* at 23.

Davis's probable-cause affidavit provides his belief that the vehicle was intended to be used in the commission of a felony or was purchased with the proceeds of the commission of a felony enumerated under both state and federal law. *Id.* at 23. Customs subsequently referred the vehicle to Texas authorities for forfeiture proceedings. *Id.* at 13.

Portland Energy removed to this court on the basis of federal-question jurisdiction. Dkt. 1 at 2. Texas now moves to remand. Dkt. 6.

## II.  LEGAL STANDARD

A motion for remand should be granted under 28 U.S.C. § 1447(c) "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C.A. § 1447(c). The party that removes to federal court has the burden of "showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To protect the values underscoring federalism, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A cause of action brought under state law may be removed to federal court if a federal statute "wholly displaces the state-law cause of action through complete preemption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). Complete preemption occurs when a claim is "pleaded in terms of state law" but "is in reality based on federal law." *Id.* Additionally, for purposes of determining if federal-question jurisdiction exists, the court should "ignore potential defenses." *Id.* at 6.

## III.  ANALYSIS

### A. Federal-Question Jurisdiction

Texas argues that this court does not have subject-matter jurisdiction. Dkt. 6 at 1. Federal-question jurisdiction is an application of Article III of the Constitution which says that federal courts have jurisdiction over all cases "arising under" the Constitution and the laws of the United States. U.S. Const. art. III, § 2. This delegation of authority was further codified in 28 U.S. Code § 1331, which gave the district courts original jurisdiction in all cases arising under federal law. A claim "arises under" the Constitution when there is a "right or immunity created by the Constitution or laws of the United States" that constitutes an essential element of the plaintiff's cause of action. *Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936).

A suit "arises under" a federal law when the federal law "creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). However, the federal question must appear in the initial complaint and cannot arise from anticipated defenses. *Gully*, 299 U.S. 109 at 113.

Texas contends that no federal question allows Portland Energy to remove to federal court. Dkt. 6 at 1. There is no federal-question jurisdiction if a plaintiff pleads, as Texas has here, "only a state law cause of action." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (quoting *Gutierrez v. Flores,* 543 F.3d 248, 252 (5th Cir. 2008)). Consequently, Texas argues that this court lacks subject-matter jurisdiction and that Portland failed to satisfy the procedural requirements for removal. Dkt. 6 at 1. The court addresses Texas's arguments in turn.

Texas argues its forfeiture action arises under and is governed by Chapter 59 of the Texas Code of Criminal Procedure. Dkt. 6 at 12. A state-court action can only be removed to federal court if the action could have been filed in federal court originally. 28 U.S.C. § 1441. In *Texas v. $35,180.00*, the court held that the state's forfeiture case could not have been filed in federal court because a federal court would lack jurisdiction. 951 F.

Supp. 113, 114–15 (S.D. Tex. 1996). In remanding the case, the court referred to the forfeiture case as "purely a state action." *Id.* at 115.

Although Portland alleges that an affidavit from the Customs officer who originally seized the vehicle raises concerns about federal law, this is insufficient to support removal. *See Oliver v. Trunkline Gas Co.,* 789 F.2d 341, 343 (5th Cir. 1986) (holding that "the presence of a federal issue, however much it may dominate the case, is insufficient" for federal-question jurisdiction" (citations omitted)).

Texas's well-pleaded complaint contains no mention of federal law. Dkt. 1 at 13. Portland accuses Texas of "artfully" crafting their complaint so as to avoid granting jurisdiction to a federal court, *id.* at 4, but this is not an accurate characterization of Texas's pleadings. The original notice of seizure and intended forfeiture cites only Chapter 59 of the Texas Penal Code. *Id.* at 13. Texas had probable cause to initiate forfeiture proceedings. *Id.* at 14. Although initially detained by federal Customs agents, the vehicle violated Texas laws. *Id.* at 17. The vehicle allegedly displayed a fictitious Texas buyers tag. *Id.* at 17–18. Frank Toritseju's name was on the buyers tag, though Portland asserts he was merely a hired driver and never the owner. *Id.* at 21–23. The Customs officer found this discrepancy to constitute a third-degree

felony violation of Texas Transportation Code 501.155, False Information to Obtain Title. *Id.* at 23.

The buyers tag issued to a party who was never the buyer of the Range Rover led the Customs officer to believe the Range Rover was used in the commission of or was purchased with the proceeds of the commission of a felony, including but not limited to fraud and forgery–all violations contained under Texas Penal Code 501.155. While the Customs officer also believes federal laws were likely violated, this is irrelevant under the rule articulated in *Oliver v. Trunkline Gas*. The presence of a federal issue is not sufficient to confer federal-question jurisdiction. *Oliver*, 789 F.2d at 343.

Texas brought the initial complaint alleging only violations of state law. Because the "plaintiff is the master of his complaint and may allege only state[-]law causes of action, even when federal remedies might also exist," Texas was fully justified in bringing the forfeiture action in state court. *Elam*, 635 F.3d at 803. Texas satisfied the well-pleaded complaint rule. Given that the defendants have failed to show this matter involves a question of federal law sufficient to confer this court with federal-question jurisdiction, this case must be remanded. Because the court views this as dispositive, it does not reach Texas's procedural-defect argument.

\*        \*        \*

For these reasons, the plaintiff's motion to remand is granted. Dkt. 6.

Signed on Galveston Island this 27th day of June, 2022.

_____

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE